IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| EON STREAMS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | No. 3:05-CV-578 |
| | ) | |
| vs. | ) | (Judge Phillips) |
| | ) | |
| CLEAR CHANNEL COMMUNICATIONS, INC., | ) | **AGREED PROTECTIVE ORDER** |
| | ) | |
| Defendant. | ) | |

The parties believe that certain information that may be divulged in this litigation may contain trade secrets or other confidential information. Such information may be relevant to the subject matter involved in the pending action within the meaning of Rule 26(b) of the Federal Rules of Civil Procedure. It would serve the interests of the parties to conduct discovery under a protective order pursuant to Rule 26(c)(7). Therefore, to expedite the flow of discovery material, facilitate the prompt resolution of disputes over confidentiality, protect adequately material entitled to be kept confidential and ensure that protection is afforded only to materials so entitled, and with the parties, by and through their undersigned counsel, having mutually agreed,

IT IS HEREBY ORDERED as follows:

1. Unless and until otherwise ordered by this Court, all documents, tangible materials and/or information (hereinafter referred to collectively as "Confidential Information") which are subject to this Order shall be made available by or on behalf of the parties only to "Qualified Persons" (as defined in Paragraph 3 below) who shall agree to be bound by this Order and who shall not permit disclosure of such Confidential Information to anyone who is not also a

Qualified Person hereunder. For purposes of this Order, the term "documents" shall include discovery responses such as answers to interrogatories and/or requests for admissions which contain or reveal Confidential Information. This Order shall extend only to the use of Confidential Information during the discovery phase of the above-referenced litigation. The issue of confidentiality, if any, with respect to the use of such Confidential Information at trial is not contained in or governed by this Order.

2. This Order applies to all documents, tangible materials and/or information produced in discovery in this action which contain or consist of information identified in Appendix 1 hereto and which are in good faith designated by the parties as Confidential Information pursuant to paragraph 4 below. Unless otherwise ordered by this Court, all such Confidential Information shall be used solely in accordance with the terms of this Order and in connection with the preparation for and trial of this action and any appeal therefrom.

3. The term "Qualified Persons" as used in this Order shall include only the following: (a) the parties to this action including their employees and consultants; (b) counsel of record for the parties to this action, and all other attorneys, paralegals, stenographic and clerical employees of the law firm of such counsel of record assisting in the preparation for trial of this action; (c) in-house counsel for the parties to this action, and all paralegals, stenographic and clerical employees of the legal department of such parties assisting in the preparation for trial of this action; (d) experts who are assisting counsel of record in the preparation for trial of this action; (e) the judge, and any court personnel and reporters assigned to this action; (f) any witness deposed in this action who in the good faith opinion of counsel of record must be

deposed about the contents of any documents or information subject to this Order in preparation for the trial of this action; and (g) any court reporter necessary for such deposition.

4. All Confidential Information shall be designated or labeled in the following manner:

- Each tangible document containing Confidential Information shall be clearly marked on its face with a designation to adequately identify it as subject to the terms of this Order;

- If such Confidential Information consists of a document that has multiple pages, it shall be adequate to place the foregoing endorsement on only the first page of the document;

- Electronic Confidential Information may be provided on a medium such as CD, tape, or DVD that is clearly marked with a designation to adequately identify it as subject to the terms of this Order;

- Where marked as such, all information contained on a confidential CD, tape, or DVD is subject to the terms of this Order;

- The phrase "Confidential -- Subject to Court Protective Order" will adequately identify Confidential Information;

- If any Confidential Information is filed with the Court for any reason, it shall be placed in a sealed envelope, or other appropriate sealed container, which shall bear a similar endorsement referring specifically to this Order and the parties will adhere strictly to the requirements of Local Rule 26.2 governing the sealing of court records.

5. Subject to the limitation in Paragraph 3 above, the Confidential Information subject to this Order may be used in the taking of depositions in this action; provided, however, that the relevant portions of such depositions in which such Confidential Information is used also

shall be subject to this Order and only Qualified Persons may be present at the relevant portions of such depositions. All portions of the transcripts of such depositions referring to or in any way revealing the contents of Confidential Information subject to this Order shall be deemed to be "Confidential Information" subject to this Order and shall be separately bound and marked by the court reporter as subject to this Order.

6. The entry of this Order shall not limit to whom the Confidential Information subject to this Order may be made available at trial or otherwise limit or restrict the use of such Confidential Information at trial; provided, however, that this Order shall not be construed to be a waiver of any objection to the introduction of, use of or reference to such Confidential Information at trial, or of any right of any party to move to limit to whom the Confidential Information is made available at trial or otherwise limit or restrict its introduction, use or reference at trial.

7. Unless otherwise ordered by the Court, upon the final termination of this case by trial, appeal, settlement or otherwise, all tangible and electronic Confidential Information in the possession, custody, or control of the parties and/or their counsel, including all copies thereof, which is subject to this Order will be returned to counsel of record for the opposing party or destroyed, without any copies of any of the foregoing being retained by the person returning or destroying such documents. In the event that any Confidential Information subject to this Order is destroyed in lieu of returning it to counsel of record, the person destroying such Confidential Information shall promptly notify counsel of record for the opposing party in writing when and how it was destroyed and shall identify the Confidential Information destroyed by specific list. Notwithstanding the return or destruction of such Confidential Information and the final

termination of this case, the prohibition of this Order with respect to disclosure to non-qualified persons shall continue and remain in effect unless and until this Order is modified or rescinded. For purposes of this Order, copies of tangible Confidential Information filed with the Court shall not be considered within the possession, custody, or control of the parties or their counsel unless and until such copies are returned by the Court to the parties and/or their counsel.

8. It shall be the responsibility of each counsel of record who made any Confidential Information subject to this Order available to a Qualified Person hereunder to make sure that such Qualified Person understands and complies with this Order, including but not limited to, the obligation to return all such tangible and electronic Confidential Information to counsel of record or to destroy it.

It is so ORDERED:

*Thomas H. Phillips*

Judge Thomas W. Phillips

AGREED:

/s/ Martin B. Bailey
Martin B. Bailey, BPR No. 15370
Herbert S. Sanger, Jr., BPR No. 13125
**WAGNER, MYERS & SANGER, P.C.**
1801 First Tennessee Plaza
P.O. Box 1308
Knoxville, TN 37901-1308
(865) 525-4600
(865) 291-0419 (facsimile)

*Attorneys for Plaintiff Eon Streams, Inc.*

Of Counsel:

Patricia A. Foster (0080306)
FROST BROWN TODD LLC
2200 PNC Center
201 East Fifth Street
Cincinnati, Ohio 45202-4182
(513) 651-6730
(513) 651-6981 (facsimile)
pfoster@fbtlaw.com

/s/ Richard M. Goehler
Richard M. Goehler (0009160)
FROST BROWN TODD LLC
2200 PNC Center
201 East Fifth Street
Cincinnati, Ohio 45202
(513) 651-6711
(513) 651 6981 (facsimile)
rgoehler@fbtlaw.com

Brian C. Neal, BPR # 022532
FROST BROWN TODD LLC
424 Church Street, Suite 1600
Nashville, TN 37219-2308
(615) 251-5574
(615) 251-5551 (facsimile)
bneal@fbtlaw.com

*Attorneys for Defendant Clear Channel Communications, Inc.*

## APPENDIX 1

1. All data contained in confidential business agreements that either Eon Streams, Inc. ("Eon") or Clear Channel Communications, Inc., ("Clear Channel") has with another entity relating to the sale or purchase of bandwidth or the development, provision or use of ad insertion or other technology.

2. All internal confidential communication within Eon or Clear Channel evidencing corporate strategy or the development of technology.

3. All internal confidential cost, revenue, profit, and financial data.

4. All damage calculations by either party containing confidential information regarding lost profits and fixed costs.

CINLibrary 0109572.0539295 1655325v.1

Case 3:05-cv-00578   Document 18   Filed 08/22/06   Page 7 of 7   PageID #: 9