IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| EON STREAMS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:05-CV-578 |
| | ) | (Phillips/Guyton) |
| CLEAR CHANNEL COMMUNICATIONS, | ) | |
| INC., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## **MEMORANDUM AND ORDER**

This matter is before the undersigned pursuant to 28 U.S.C. § 636(b), the Rules of this Court, and by the Orders [Docs. 22, 48] of the Honorable Thomas W. Phillips, United States District Judge, for disposition of the following motions: Defendant's Motion to Disqualify Herbert S. Sanger, Jr., and Wagner, Myers & Sanger, P.C. [Doc. 20] and Plaintiff's Motion for Costs and Fees [Doc. 24].

These motions were heard by this Court on March 2, 2007. Attorneys Herbert S. Sanger, Jr. and Martin Bailey were present, representing Plaintiff Eon Streams, Inc. ("Eon Streams"). Attorneys Richard Goehler and Patricia Foster were present, representing Defendant Clear Channel Communications, Inc. ("Clear Channel").

**I.   Introduction**[1]

This case is a breach of contract action. Eon Streams provides streaming services to hosts of internet web-sites. Clear Channel operates radio stations. Clear Channel uses streaming service providers to provide its internet content. In 2004, Clear Channel began using Eon Streams as its streaming services provider pursuant to a contractual agreement. Whether this agreement terminated and/or a new agreement was entered is at the crux of this dispute. [See Docs. 1, 5].

Eon Streams brought suit alleging Clear Channel executed a new contract with Eon Streams and that said contract was breached. [Doc. 1]. Jurisdiction is premised on diversity grounds. [Docs. 1, 5]. Clear Channel argues no new contract was formed, therefore no contract was breached. [Doc. 6]. Both parties agree that the actions of one board meeting, the April 27, 2005 Eon Streams board meeting, are at the center of this dispute.[2] At the April 27, 2005 board meeting, the attendees discussed whether Eon Streams and Clear Channel would continue working with one another. According to Eon Streams, a contractual obligation was discussed and agreed to by the parties; Clear Channel asserts the opposite. [ Docs. 1, 6]. The purported signature of attorney Herbert S. Sanger, Jr. ("Sanger") appears at the end of the minutes for the April 27, 2005 board meeting. [Doc. 21, Attachments]. Sanger has assisted Eon Streams on legal matters throughout its corporate existence. [Id.]. At certain times, Sanger has been a director on its board and its corporate secretary or assistant secretary. [Id.].

---

[1] The Court's factual summary is for purposes of the present pending motions only and no portion of this Order should be used or relied upon by any party for purposes other than the present motions. Carlsen v. Thomas, 159 F.R.D. 661, 666 (E.D. Ky. 1994).

[2] Eon Streams asserts other bases for contractual liability. However, for the purposes of this motion, the board meeting actions are central. [See Doc. 1].

## II. Defendant's Motion to Disqualify Herbert S. Sanger, Jr., and Wagner, Myers & Sanger, P.C.

In Clear Channel's Motion to Disqualify Herbert S. Sanger, Jr., and Wagner, Myers & Sanger, P.C. [Doc. 20], filed January 3, 2007, Clear Channel moves the Court to disqualify Sanger and his law firm, Wagner, Myers, & Sanger, P.C. ("WMS"), from representing Eon Streams. Clear Channel argues [Doc. 21] that Sanger should be disqualified because he is a material witness. Clear Channel argues that Sanger's intimate involvement with Eon Streams, as both an attendee at the board meeting in question and as counsel, makes Sanger a necessary, material witness. Accordingly, he should be disqualified from representation. Additionally, Clear Channel argues that WMS should be disqualified from representing Eon Streams. In support thereof, Clear Channel argues: (1) Sanger's disqualification should be imputed on the firm due to conflict of interest principles and (2) numerous members of the firm own stock in Eon Streams.

In response [Doc. 23], Eon Streams argues: (1) Clear Channel has waived any right to file a motion to disqualify Sanger and WMS by failing to file such a motion earlier in the litigation; (2) Sanger is not a necessary or material witness; (3) even if Sanger is a necessary witness, WMS cannot be disqualified on that basis; (4) disqualification would create substantial hardship, for Eon Streams; and (5) neither Sanger nor WMS can be disqualified for having a proprietary interest in the litigation based on stock ownership.

Clear Channel replied [Doc. 26] by arguing: (1) whether counsel should be disqualified cannot be waived, and, even if it could be, Clear Channel brought the motion at the earliest possible date; (2) based upon produced documents, it appears that Sanger's truthful testimony might prejudice his client; (3) Sanger is likely to be a necessary witness; and that WMS

3

attorneys and Sanger have financial and proprietary interests in this specific litigation. Accordingly, both WMS and Sanger should be disqualified. Eon Streams filed a sur-reply [Doc. 44], reiterating its previous arguments and noting that even direct proprietary interests in litigation, such as contingency fees, are allowed by the ethical rules.

At the hearing, the Court questioned Clear Channel as to whether this motion was brought for tactical advantages. Attorney Goehler ("Goehler") responded that the motion was filed not as a litigation tactic but in an attempt to comply with ethical rules requiring attorney to assure compliance with the ethical rules amongst themselves. Additionally, Goehler argued that Sanger was an integral player in the steps to renew the contract. Therefore, his testimony as to whether a renewal contract was ever signed is necessary and material. In conclusion, Goehler argued that both Sanger and WMS should be disqualified from this matter during pre-trial and trial proceedings.

In response, Attorney Bailey ("Bailey") argued that withdrawal is not merited based on Clear Channel's allegations. Bailey further asserted that the minutes' content is not important. Therefore, Sanger's testimony will not be necessary because other witnesses besides counsel are available to testify as to what occurred at the board meeting in question. Bailey concluded by arguing that Sanger must be proven to be a necessary witness to preclude his representation of Eon Streams at trial and that no rule prohibits pre-trial representation.

   *A. Disqualification Generally*

A motion to disqualify is the proper method for an opposing party to bring potential breaches of ethical conduct to the court's attention. Hamrick v. Union Township, 81 F. Supp.2d 876, 878 (S.D. Ohio 2000) (citing Musicus v. Westinghouse Elec. Corp., 621 F.2d 742, 744 (5th Cir. 1980)). The Court has inherent authority to supervise the professional conduct of attorneys

4

appearing before it. United States v. Miller, 624 F.2d 1198, 1201 (3rd Cir. 1980); Carlsen v. Thomas, 159 F.R.D. 661, 663 (E.D. Ky. 1994). Therefore, the Court has inherent authority to disqualify an attorney. Miller, 624 F.2d at 1201; Carlsen, 159 F.R.D. at 663.

The party seeking disqualification of counsel bears the burden of proof. Wells v. Wharton, 2005 WL 3309651, at *3 (Tenn. Ct. App. Dec. 7, 2005); Hamrick, 81 F. Supp.2d at 880 (citing Standwood Corp. v. Barnum, 575 F. Supp. 1250, 1252 (W.D.N.C. 1983)); Carlsen, 159 F.R.D. at 669. When weighing a motion to disqualify counsel, the Court is tasked with upholding the highest ethical standards of the profession, protecting litigants' interests, and maintaining the integrity of the judicial process. Bartech Indus., v. Int'l Baking Co., 910 F. Supp. 388, 392 (E.D. Tenn. 1996) (citing Manning v. Waring, Cox, James, Sklar & Allen, 849 F.2d 222, 224 (6th Cir. 1988)); General Mill Supply Co. v. SCA Servs., Inc., 697 F.2d 704 (6th Cir. 1982).[3] Additionally, a court must balance the competing public interests of requiring professional conduct by an attorney and permitting a party to retain its chosen counsel. Hamrick, 81 F. Supp.2d at 878 (citing General Mill Supply, 697 F.2d at 711). Whether to disqualify an attorney turns on the peculiar factual situation of the case. In re Mechem, 880 F.2d 872, 874 (6th Cir. 1989) (citing Firestone Tire & Rubber Co. v. Risjord, 449 U.S. 368, 377 (1981)). Finally, a court must view a motion for disqualification with extreme caution because it can easily be misused as a harassment technique. Hamrick, 81 F. Supp.2d at 878 (citing Freeman v. Chicago Musical Instrument Co., 689 F.2d 715, 722 (7th Cir. 1982)); Carlsen, 159 F.R.D. at 664.

This Court has adopted the Rules of Professional Conduct ("RPC"), adopted by the

---

[3] Although for contrary purposes, both parties extensively argued the merits of and relied upon General Mill Supply.

Supreme Court of Tennessee,[4] as its rules of professional conduct for matters within this Court's jurisdiction. L.R. 83.63; Bartech Indus., v. Int'l Baking Co., 910 F. Supp. 388, 392 (E.D. Tenn. 1996). The legal profession is generally self-governing. Tenn. Sup. Ct. R. 8, RPC Preamble 10. Therefore, the profession is responsible for assuring compliance with its regulations. Id. Preamble 12. Due to the various legal premises involved, the disqualification of Sanger and WMS has been bifurcated. Each will be discussed in order.

### B. Sanger's Disqualification

Clear Channel has argued for Sanger's disqualification primarily based on the potential necessity of his testimony at trial.[5] Realizing that deference is to be accorded to a party's chosen counsel, this Court looks to the RPC, which provide:

> (a) A lawyer shall[6] not act as an advocate at a trial in which the lawyer is likely to be a necessary witness except where:
>
> (1) the testimony relates to an uncontested issue;
>
> (2) the testimony relates to the nature and value of legal services rendered in the case; or
>
> (3) disqualification of the lawyer would work substantial hardship on the client.

Tenn. Sup. Ct. R. 8, RPC 3.7. Therefore, a lawyer cannot act as an advocate at trial where the lawyer is likely to be a necessary witness unless the lawyer's testimony relates to an uncontested

---

[4]The RPC were adopted by the Tennessee Supreme Court as of March 1, 2003. They were amended December 10, 2003, effective February 1, 2004. Since February 1, 2004, the RPC have not been amended. Accordingly, the 2004 rules apply to this proceeding. See Tennessee Supreme Court Rules Index, available at http://www.tsc.state.tn.us/OPINIONS/TSC/RULES/TNRulesOfCourt/scindex.htm, last accessed Mar. 22, 2007.

[5]Clear Channel also argues that Sanger should be disqualified due to his stock ownership. For a consideration of this argument, see Section (C)(2) below. [Doc. 21].

[6]Note that "shall" or "shall not" are imperatives throughout the rules. Tenn. Sup. Ct. R. 8, RPC Scope [1].

issue, relates to the nature and value of legal services rendered in the case, or disqualification would work a substantial hardship on the client. Id.

Plaintiff has not argued that Sanger's testimony relates to the nature and value of legal services rendered in the case, so this exception is deemed inapplicable. Plaintiff has argued that Sanger is not a necessary witness, and, even if he is, his testimony relates to an uncontested issue and/or disqualification of Sanger would work a substantial hardship on Eon Streams. [Doc. 23].

          1.      Necessary Witness

Comments to Rule 3.7 clearly establish, at the minimum, the advisability of separating the roles of advocate and witness. See generally, Tenn. Sup. Ct. R. 8, RPC 3.7 [1], [2], [4].[7] Case law is more explicit. See General Mill Supply, 697 F.2d at 712 (6th Cir. 1982) (holding that the roles of advocate and witness must be separated). The roles should be separate from the onset because when an attorney functions as both an advocate and a witness, his ability to competently advise on settlement and to cooperate meaningfully in discovery may be compromised. Id. Also, the Tennessee Court of Appeals recently ruled that any doubts about whether a lawyer may be called as a witness should be resolved in favor of the lawyer being permitted to testify and against the lawyer acting as an advocate. Whalley Dev. Corp. v. First Citizens Banchares, Inc., 834 S.W.2d 328, 331 (Tenn. Ct. App. 1999). Accordingly, the preference is to allow the attorney to testify in lieu of maintaining his position as counsel.

---

[7]Brackets are used to refer to comments to particular sections of the RPC. "Comments do not add obligations to the Rules, but provide either additional guidance for practicing in compliance with the Rules or make suggestions about good practice, which lawyers would be well-advised to heed even though the Rules do not require them to do so." Tenn. Sup. Ct. R. 8, RPC Scope 1.

7

Rule 3.7, however, allows an attorney to function as both attorney and witness, assuming he is not a necessary witness. Where an attorney has unique, personal knowledge of the corporation's affairs, that attorney is likely to be called as a witness. Moreover, any person testifying to a contested issue is a necessary witness. Cannon Airways, Inc. v. Franklin Holdings Corp., 669 F. Supp. 96, 100 (D. Del. 1987); Douglas v. Valteau, 2005 WL 1431510, at *3 (E.D. La. June 9, 2005).

There is no real dispute that Sanger has been personally involved in Eon Streams since its incorporation. Therefore, he is likely to be a witness. See generally, Norman Norell, Inc. v. Federated Dep't Stores, Inc., 450 F. Supp. 127, 128-30 (D.N.Y. 1978). Moreover, Sanger is the apparent signatory of the minutes summarizing the events of the April 27, 2005 board meeting, which is a contested issue. Though other witnesses could testify as to what occurred at the meeting, Sanger's testimony may be the preferred course to authenticate the minutes and to explain their content. Accordingly, this Court determines that Sanger is likely to be a necessary witness at trial.

### 2. Uncontested issue

Based on the entire record in this case, it is obvious to this Court that the matters which Sanger may testify to are under contention. Accordingly, the potential exception that Sanger would only testify to uncontested issues is not applicable.

### 3. Substantial Hardship

"Substantial hardship" is not some loose, ambiguous legal term capable of infinite interpretations. "The term 'hardship' is certainly capable of rational interpretation, of meaning a situation the alleged victim of the hardship has not knowingly caused and could not reasonably foresee." General Mill Supply, 697 F.2d at 714-15 (holding that "a self-inflicted injury is not a

hardship"). Therefore, if a party is able to ascertain that its counsel may be called as a witness either early in the litigation or at the outset of litigation, then that party cannot later claim substantial hardship if its counsel is disqualified. Id. at 713-14. Beyond foresight, several factors may be considered in determining whether a party will encounter substantial hardship if its chosen counsel is disqualified. These factors include: costs to hire new counsel, loss of sole attorney's knowledge of the litigation's complete history, and the client's preference in counsel. See Id. at 708.

For two distinct reasons this Court finds that Plaintiff will not encounter substantial hardship if Sanger is disqualified. First, this Court finds that it was reasonably foreseeable that Sanger would be called as a necessary, material witness for the reasons set forth in Section B (1). Secondly, this Court realizes that Sanger has an intimate, personal knowledge of the proceedings and that Eon Streams would be forced to outlay significant funds should its counsel be wholly disqualified. In this case, however, and for the reasons outlined in Section C, substantial hardship will not inure to Plaintiff because WMS will be allowed to continue as counsel. Because Sanger is a member of WMS, any questions about the litigation's history could surely be directed to him. Moreover, a review of the record demonstrates that Attorney Martin Bailey has filed all of the pleadings in this case. Therefore, it appears to the Court that Sanger has been more co-counsel than primary counsel. Accordingly, substantial hardship will not be occasioned upon Plaintiff as Attorney Bailey is already significantly involved in this matter.

Clear Channel also asserted that Plaintiff should be disqualified under Rule 1.7. This Court has reviewed the full content of the enunciated ethical rules and finds that none have been proven to be applicable to whether Sanger should be disqualified. [Doc. 21].

####     4.    Breadth of Disqualification

Although Rule 3.7 states only that a lawyer who may be called as a witness should not be trial counsel, the Sixth Circuit has long held that, "when an attorney knows that he will or ought to be called as a witness, he should withdraw from representation." Waltzer v. Transidyne Gen. Corp., 697 F.2d 130, 134 (6th Cir. 1983) (citing Universal Athletic Sales Co. v. American Gym, 546 F.2d 530, 538 (3rd Cir. 1976); Lau Ah Yeu v. Dulles, 527 F.2d 744, 746 (9th Cir. 1958)). This admonishment includes pre-trial activities as well as trial.

> The Sixth Circuit has stated that:
>
> By Webster's Unabridged a "trial'" is: . . . 2. The formal examination of the matter in issue in a cause before a competent tribunal for the purpose of determining such issue: the mode of determining a question of fact in a court of law. . . .  b. All proceedings from the time the parties are called to try their cases in court or from the time when issue is joined to the time of final determination.

General Mill Supply, 697 F.2d at 715-16 (alterations and omissions in original).  The Federal Rules of Civil Procedure similarly provide that a trial is a "[s]eamless web to the ascertainment of issues at the pretrial proceedings. . . ." Id. at 716.  Because of the "seamless" nature of a trial, whether a disqualification is operative pre-trial, for trial, or for both is a matter within the discretion of the court. Id.  A court has the power to disqualify an attorney for pre-trial and trial proceedings.  See generally, Howard v. Bd. of Educ. of the Memphis City Schools, 70 Fed. App. 272, 2003 WL 21518725, at *4 (6th Cir. July 1, 2003) (holding that disqualifying plaintiff's attorneys several months before trial was proper where defendant had indicated it would call plaintiff's counsel as witnesses).

5. <u>Waiver</u>

Eon Streams further argues that any motion for disqualification has been waived due to Clear Channel's delay in filing the motion (the "waiver rule"). The sole case cited by Eon Streams is <u>Lazy Seven Coal Sales, Inc. v. Stone & Hinds, P.C.</u>, 813 S.W.2d 400 (Tenn. 1991). [Doc. 23]. Clear Channel cited no case law in support of its proposition that a "waiver rule" does not exist. [Doc. 26].

The Court has reviewed the RPC and failed to uncover any indicia of a "waiver rule." As to <u>Lazy Seven Coal Sales</u>, the Court finds the case to be factually distinguishable. In <u>Lazy Seven Coal Sales</u>, the Tennessee Court of Appeals held that a Plaintiff who has failed to move for the disqualification of a law firm cannot later bring a legal malpractice suit against that law firm premised on a violation of the ethical rules regarding conflict of interest. <u>Id.</u>, at 410. Neither conflict of interest ethical rules nor legal malpractice are at issue in this matter. Accordingly, <u>Lazy Seven Coal Sales</u> is inapplicable.

The Court has searched for case law supporting either party's position and discovered very little. In an unreported case, the Sixth Circuit held that a motion to disqualify counsel was waived or estopped when the motion was filed the week before trial. <u>Valley-Vulcan Mold Co. V. Ampco-Pittsburgh Corp. (In re Valley-Vulcan Mold Co.)</u>, 5 Fed. Appx. 396, 2001 WL 224066, at *5 (6th Cir. Feb. 26, 2001). In that case, the Court also noted that the movant had employed delay tactics throughout the proceedings. <u>Id.</u>; <u>see</u> <u>also</u> <u>Hilton v. Miller</u>, 1991 WL 261872, at *3 (Tenn. Ct. App. Dec. 13, 1991) (noting that motions to disqualify should not be granted when filed for tactical reasons or solely for delay, but never endorsing a "waiver rule"). In the present case, trial is scheduled for August, and Eon Streams has not proven that Clear Channel is employing delay

11

tactics. Accordingly, Valley-Vulcan Mold is inapplicable as well.

Based on the record before this Court, it cannot be stated with certainty that a waiver rule exists under Federal or Tennessee law, outside of circumstances where it has been proven that a party is acting with dilatory motive. Clear Channel has represented that it did not bring the motion to disqualify for dilatory or tactical purposes; Eon Streams has not proven the contrary. Therefore, no "waiver rule" is operative.

For the reasons set forth above, this Court holds that Sanger must be disqualified from the present action for pre-trial and trial purposes. This Court's disqualification of Sanger from pre-trial and trial proceedings does not signify that Sanger is also disqualified at the post-trial stage. In fact, should the plaintiff so desire, Sanger may be retained at the conclusion of this trial for any post-trial proceedings. Accordingly, as to Sanger, Defendant's motion to disqualify **[Doc. 20]** is **GRANTED**.

### C. *WMS's Disqualification*

Two primary issues must be resolved to determine whether WMS should be disqualified: (1) whether Sanger's disqualification should be imputed onto the entire firm and (2) whether WMS attorneys' ownership of Eon Streams's shares precludes the firm's representation.

#### 1. Imputation

The RPC provide for a firm to be disqualified by imputation when any one attorney who is a member of the firm, practicing alone, would be prohibited from doing so by RPC 1.7, 1.8(c),1.9(a), 1.9(b), or 2.2. Tenn. Sup. Ct. R. 8, RPC 1.10(a). This rule provides an exception for scenarios where a law firm has screened all case knowledge from the attorney prohibited from representing the client. Id., at (a), (c). Clear Channel asserted Sanger had not been screened. WMS

did not oppose this assertion. Therefore, the exception is deemed inapplicable. Another exception exists which allows imputed disqualification to be waived by the affected client under conditions outlined in Rule 1.7. Tenn. Sup. Ct. R. 8, RPC 1.10(e). No evidence of waiver was presented to this Court. As such, the Court has presumed that no waiver occurred.

Rule 1.10(a) is the sole provision providing for imputing disqualification on an entire firm. Notably, Rule 3.7 and its rules against attorneys acting as witnesses are not included in the imputation provision. Moreover, Rule 3.7(b) explicitly provides, "a lawyer may act as an advocate in a trial in which another lawyer in the lawyer's firm is likely to be called as a witness unless precluded from doing so by RPC 1.7 or RPC 1.9." Accordingly, as no ethical rule exists to impute disqualification onto WMS based upon a firm attorney's potential necessity as a witness, WMS cannot be disqualified on this basis.[8] The Court notes that a party's chosen counsel should not be disturbed if possible. General Mill Supply, 697 F.2d at 717 (Engel, Cir. J., concurring and dissenting in part); see also Carlsen, 159 F.R.D. at 664 (holding that courts should be sensitive to permitting a party to retain its counsel of choice). Such a showing has not been made in this case.

2. Stock Ownership

Rule 1.8(j) of the Tennessee Rules of Professional Conduct clearly states that "a lawyer shall not acquire a proprietary interest in the cause of action or subject matter of litigation the lawyer is conducting for a client." Exceptions exist if a lawyer acquires a lien granted by law

---

[8]As previously addressed, Rule 1.7 was found to be inapplicable. The Court has also considered Rule 1.9; it is similarly inapplicable.

to secure the lawyer's fee or for contingency fee contracts.⁹ Tenn. Sup. Ct. R. 8, RPC 1.8 (j)(1),(2).¹⁰ Because no exception to Rule 1.8 exists, the crucial issue is whether stock ownership is a proprietary interest.

The only circuit court case which the parties have cited and this Court has located pertaining to whether stock ownership constitutes a proprietary interest in litigation is <u>Syscon Corporation v. United States</u>, 10 Cl. Ct. 200 (Cl. Ct. 1986). The Court of Claims carefully weighed the arguments and determined that a firm's ownership of stock in a company pursuing litigation to which the firm is spearheading does not constitute a proprietary interest in that litigation. <u>Id</u>., at 204. Accordingly, owning stock in the corporation bringing the lawsuit does not violate Rule 1.8(j). <u>Id.</u> (noting the problematic public policy that could result if stock ownership worked a violation of the Rules of Professional Conduct); <u>see</u> <u>also</u> <u>Fossett v. Gray</u>, 173 S.W.3d 742, 750-51 (Tenn. Ct. App. 2004) (allowing an attorney to remain counsel even though he purchased an interest in the property that was the subject of the dispute).

In the present case, the Court notes that, although the parties disagree as to the

---

⁹ It is possible that Eon Streams has a signed, written contingency fee agreement that complies with RPC 1.5(c), which allows for contingency fees in all but some circumstances. None of the circumstantial exceptions would apply to the present case. Tenn. Sup. Ct. R. 8, RPC 1.5(d). Neither party has presented evidence of the lack or presence of a contingency fee agreement. Accordingly, this Court has presumed that to the extent that defense exists, it has been waived.

¹⁰A Comment to this section appear to soften the rigidity of the rule: "Paragraph (j) states the traditional general rule that lawyers are prohibited from acquiring a proprietary interest in litigation. This general rule, which has its basis in common law champerty and maintenance, is subject to specific exceptions developed in decisional law and continued in these Rules. . . ." Tenn. Sup. Ct. R. 8, RPC 1.8 [7].

percentages of stock owned by members of the firm, all percentages presented[11] are minor. Therefore, any dividends distributed based on a judgment award would be relatively insignificant and diluted by the costs of distribution and legal fees. Regardless of the percentages and potential corresponding fractions of any potential judgment award, this Court will follow the precedent established by the Court of Claims, which held that stock ownership did not constitute a proprietary interest in the litigation. Accordingly, Clear Channel's argument that WMS should be disqualified because several members of the firm possess Eon Streams's stock fails.

        3.      Waiver

For the reasons outlined above in Section (B)(5), the argument that Clear Channel has waived its right to bring a motion to disqualify against WMS fails. Nonetheless, this Court has found in favor of Eon Streams on this aspect of the Motion to Disqualify [Doc. 20].

Because Sanger's disqualification cannot be imputed on the firm and WMS's attorneys' stock ownership does not rise to the level of a proprietary interest in this litigation, WMS may remain as Eon Streams' counsel of choice. Accordingly, **as to WMS**, Clear Channel's motion to disqualify [Doc. 20] is **DENIED**.

        D.      *Conclusion*

Accordingly, Defendant's Motion to Disqualify Herbert S. Sanger, Jr., and Wagner, Myers & Sanger, P.C**. [Doc. 20] is DENIED in part and GRANTED in part**. **As to Sanger**, Defendant's motion **[Doc. 20]** is **GRANTED**, disqualifying Sanger from representing Eon Streams during pre-trial or trial proceedings. Upon the conclusion of the trial, Sanger may function as Eon

---

[11]The percentages vary from 3.11% to "less than 3.5%." [Docs. 20 (Attachments), 23, 26 (Attachments)].

Streams' counsel, if his client so desires. **As to WMS**, for the reasons outlined above, Defendant's motion **[Doc. 20]** is **DENIED**. WMS may remain as counsel both pre-trial and at trial.

### III. Plaintiff's Motion for Costs and Attorneys' Fees under 28 U.S.C. Section 1927

Plaintiff's Motion for Costs and Attorneys' Fees under 28 U.S.C. Section 1927 [Doc. 24], filed January 19, 2007, moves the Court to require opposing counsel to satisfy the costs and expenses incurred by Eon Streams in responding to Clear Channel's Motion to Disqualify Counsel. In support of its argument, Eon Streams notes that groundless motions to disqualify counsel are the basis for an award of costs and fees under 28 U.S.C. Section 1927. Additionally, Eon Streams points to the long delay in filing the motion, over one year into litigation, as proof that an award of costs and fees is appropriate.

Clear Channel responded [Doc. 32] by asserting that Eon Streams's Motion for Costs [Doc. 24] is entirely baseless because Clear Channel brought the Motion to Disqualify Counsel [Doc. 20] in good faith and grounded in law. Eon Streams replied [Doc. 34], asserting that Clear Channel was misleading the Court on the requisite standard to disqualify counsel.

This Court will not weigh the merits of Eon Streams's Motion for Costs [Doc. 24] at this time. Plaintiff's Motion for fees is **DENIED**, pending completion of the case. At the conclusion of this matter, Plaintiff has leave to re-file its motion.

## IV. Conclusion

For the reasons stated above, Defendant's Motion to Disqualify Herbert S. Sanger, Jr., and Wagner, Myers & Sanger, P.C. **[Doc. 20] is DENIED in part and GRANTED in part** and Plaintiff's Motion for Costs and Attorneys' Fees under 28 U.S.C. Section 1927 [Doc. 24] is **DENIED with leave to re-file at the conclusion of this case**.

**IT IS SO ORDERED.**

**ENTER:**

s/ H. Bruce Guyton
United States Magistrate Judge