UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| EON STREAMS, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 3:05-cv-578 |
| ) | (Phillips/Guyton) |
| CLEAR CHANNEL ) | |
| COMMUNICATIONS, INC., ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM AND ORDER**

This matter came before the undersigned for a telephone conference regarding a discovery dispute on July 10, 2007. Participating on behalf of the plaintiff was attorney Martin Bailey. Participating on behalf of the defendant was attorney Richard Goehler.

The defendant Clear Channel Communications, Inc. ("Clear Channel") has requested certain documents which Clear Channel asserts are relevant to the current status of the plaintiff Eon Streams, Inc. ("Eon Streams") and the plaintiff's damage claims for "lost profits" and "lost valuation" in this litigation. Eon Streams argues that the requested documents are privileged attorney-client communications and should not be produced.

Eon Streams has provided Clear Channel with a privilege log identifying essentially three documents. The first document (Doc. 1) is a May 30, 2007 letter from Wagner, Myers & Sanger, P.C. to Lativafter Corporation Shareholders, regarding the dissolution and liquidation of Lativafter. Enclosed with the letter (Doc. 1) are two agreements (Docs. 1-A and 1-B) for the

shareholders, which would provide funding for the present litigation and make provision for post-dissolution liabilities.

The second document (Doc. 2) is a June 11, 2007 letter from Wagner, Myers & Sanger, P.C. to Lativafter Corporation Shareholders, correcting a math error in Document 1-B. Attached to Document 2 is a Shareholders Statement (Doc. 2-A), which counsel for Eon Streams has conceded is not privileged and thus has agreed to produce to Clear Channel.

Finally, the third document (Doc. 3) is a specimen monthly statement from Wagner, Myers & Sanger, P.C. to Eon/Lativafter, with descriptions of the time spent by timekeepers and the tasks performed redacted.

Based upon the representations of the parties, it appears that in May, 2006, substantially all of the assets belonging to Eon Streams were acquired by Vital Streams. The exception was the present litigation, which was left for the shareholders of Eon Streams to pursue. On May 6, 2006, Eon Streams changed its name to Lativafter Corporation ("Lativafter"). In June, 2007, Lativafter dissolved pursuant to a Plan of Liquidation and Dissolution, and the plaintiff has filed a motion to substitute the Lativafter Liquidating Trust (the "Trust") as the plaintiff in this action.

Clear Channel contends that the Trust does not conduct any business other than to pursue this litigation, and its only finances is an account which is used primarily to pay attorney fees and other litigation costs related to this action. Clear Channel argues that the first set of requested documents, insofar as they relate to the Trust's efforts to raise money to fund this litigation, are relevant to the plaintiff's damage claims, and in particular, to the plaintiff's claims of lost profits and lost valuation. Further, Clear Channel contends that it is relevant for a jury to know how the

plaintiff's shareholders, who are now beneficiaries of the Trust, benefitted from the Vital Streams acquisition and how these shareholders are now investing in the Trust. In so arguing, Clear Channel notes that Eon Streams has already agreed to provide copies of checks from these shareholders reflecting their contributions to the Trust.

The second set of documents requested by Clear Channel relates to the current finances of the plaintiff, specifically, the account set up to the expenses of the present litigation. Clear Channel argues that these documents are the only current "financial documents" of the plaintiff and are therefore relevant to this litigation.

The parties to a civil action "may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party . . . ." Fed. R. Civ. P. 26(b)(1). "Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." In the present case, upon review of the plaintiff's privilege log and the subject documents *in camera*, the Court finds that the requested documents (Docs. 1, 2, and 3) are privileged attorney-client communications and therefore should not be produced. With respect to the defendant's request for "financial documents," the Court finds that these documents are neither relevant to any claim or defense asserted by either party, nor are they reasonably calculated to lead to the discovery of admissible evidence. Even if these documents were relevant, it appears to the Court that the defendant has been able to discover the underlying substantive information through the depositions of the plaintiff's corporate officers/shareholders, and through other documents produced by the plaintiff. Accordingly, production of these documents would be unreasonably cumulative or duplicative. See Fed. R. Civ. P. 26(b)(2)(C).

For these reasons, the defendant's request for the production of the documents identified in the plaintiff's privilege log, with the exception of Document 2-A, is **DENIED**.

**IT IS SO ORDERED.**

**ENTER:**

_s/ H. Bruce Guyton_
United States Magistrate Judge