IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| LATIVAFTER LIQUIDATING TRUST, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:05-CV-578 |
| | ) | (PHILLIPS/GUYTON) |
| CLEAR CHANNEL COMMUNICATIONS, INC., | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

## **MEMORANDUM AND ORDER**

This matter is before the undersigned pursuant to 28 U.S.C. § 636(b), the Rules of this Court, and by the Order [Doc. 160] of the Honorable Thomas W. Phillips, United States District Judge, for disposition of defendant Clear Channel Communications, Inc.'s ("Clear Channel's") Motion in Limine. [Doc. 148] Since filing the motion, Clear Channel subsequently withdrew a portion of the instant motion [Doc. 161], thus the Court need address only the arguments contained in section II(B) of Clear Channels memorandum. [Doc. 149]

Clear Channel moves the Court to preclude the admission of plaintiff Eon Streams, Inc.'s ("Eon's")[1] exhibits numbered 1, 2, and 3 (collectively, the "Exhibits"). Clear Channel contends that the Exhibits are irrelevant, and thus are inadmissible. Specifically, Clear Channel contends that the Service Agreement at issue in this case contains an integration clause. Clear Channel further argues that the Exhibits relate to events that predate the Service Agreement, and are

---

[1]Though the style of the case has been changed to reflect that the named plaintiff is Lativafter Liquidating Trust, the parties continue to refer to the plaintiff as Eon Streams, Inc.

thus rendered irrelevant by the integration clause.

The Court notes that the Exhibits, themselves, have not been filed with the Court. The Court will not attempt to determine the relevance of the Exhibits without having the opportunity to examine them. Accordingly, Clear Channel's motion [Doc. 148] is hereby **DENIED without prejudice**. In so ruling, the Court in no way rules that the Exhibits are, or are not, admissible. Certainly, Eon will have to prove at trial the admissibility of any exhibits before they can be entered into evidence. Should Clear Channel feel that Eon has not sufficiently proven the relevance of the Exhibits when it seeks their admission, then Clear Channel has leave to renew its objection to their admission at that time.

**IT IS SO ORDERED.**

                                            **ENTER:**

                                            s/ H. Bruce Guyton
                                            United States Magistrate Judge