**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE**

**LATIVAFTER LIQUIDATING TRUST,** )
    **Plaintiff,** )
**v.** )    No. 3:05-CV-578
    )    (Phillips/Guyton)
**CLEAR CHANNEL COMMUNICATIONS, INC.,** )
    **Defendant.** )

## MEMORANDUM AND ORDER

This matter is before the court on defendant Clear Channel Communications' motion for a stay of the judgment entered December 13, 2007, pending the disposition of its motion for judgment as a matter of law and motion for new trial [Doc. 202]. As pointed out by plaintiff in its response to the motion, Rule 62(f) of the Federal Rules of Civil Procedure provides that "if a judgment is a lien on the judgment debtor's property under the law of the state where the court is located, the judgment debtor is entitled to the same stay of execution the state court would give." In Tennessee, a judgment is a lien on the judgment debtor's property. *See* Tenn. Code Ann. § 25-5101. Under Tennessee law, there is an initial 30-day stay of execution on a judgment. Tenn.R.Civ.P. 62.01. Under that same rule, the automatic initial stay is extended until 30 days after entry of an order disposing of a motion to alter or amend the judgment, for judgment as a matter of law, or for a new trial. *See* Tenn.R.Civ.P. 62.02.

In this case, Clear Channel has filed motions for judgment as a matter of law and for new trial. Eon Streams has filed a motion to alter or amend the judgment to add prejudgment interest. The filing of these motions triggers the provisions of Tenn.R.Civ.P. 62.02 and the judgment is automatically stayed until 30 days after the court rules on the pending motions. Accordingly, Clear Channel's motion for a stay of the judgment in this case [Doc. 202] is **DENIED AS MOOT.**

**ENTER:**
    s/ Thomas W. Phillips
United States District Judge